IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARC WAYNE HOLLIDAY, # 257141, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv129-WHA |
| ) | (WO) |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Marc Wayne Holliday ("Holliday") on February 25, 2013.[1]  Doc. No. 1.[2]  Holliday presents claims challenging the constitutionality of his convictions and sentence imposed by the Circuit Court of Chilton County on charges of second-degree sodomy and first-degree sexual abuse, violations of §§ 13A-6-64 and 13A-6-66, Ala. Code 1975.  The respondents argue Holliday's petition is time-barred by the one-

---

[1] Although Holliday's petition was date-stamped as received in this court on February 28, 2013, it was signed by Holliday as delivered to prison authorities for mailing on February 25, 2013. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

[2] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. References to exhibits ("Ex.") are to exhibits included with the respondents' answer, Doc. No. 8. All page references are to those assigned by CM/ECF.

year federal limitation period. *See* 28 U.S.C. § 2244(d).[3] Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes no evidentiary hearing is required and that Holliday's petition should be denied as untimely.

## II. DISCUSSION

### Controlling Statute of Limitations

Title 28 U.S.C. § 2244(d) provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State

---

[3] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

>post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## State Court Proceedings

On September 17, 2007, Holliday pled guilty in the Circuit Court of Chilton County, Alabama, to charges of first-degree sexual abuse and second-degree sodomy. *See* Ex. A at 1; Ex. G at 1. On November 13, 2007, the trial court sentenced him as a habitual offender to concurrent terms of 20 years' imprisonment. Ex. A at 2; Ex. G at 2. He took no direct appeal.

On May 28, 2008, Holliday filed a petition for post-conviction relief under Ala. R. Crim. P. 32 in the trial court, challenging his convictions and sentence. *See* Exs. A, B, D, and E. The trial court denied the Rule 32 petition on July 7, 2008, and Holliday did not appeal that judgment. Exs. B and D.

On January 26, 2009, Holliday filed a second Rule 32 petition in the trial court, this time arguing he was entitled to an out-of-time appeal from the denial of his first Rule 32 petition. Exs. A, B, D and E. The trial court denied this second Rule 32 petition on April 3, 2009. Ex. C. Holliday appealed that judgment, and the Alabama Court of Criminal Appeals affirmed the trial court's judgment, holding that Holliday had failed to show he was entitled to an out-of-time appeal. Exs. C, D, and E. The Alabama Court of Criminal Appeals issued a certificate of judgment on December 4, 2009. Exs. C, D, and E.

On June 4, 2010, Holliday filed a third Rule 32 petition, which was denied by the trial court on July 30, 2010.  Ex. F.  Holliday appealed, and the Alabama Court of Criminal Appeals remanded the case for resentencing, finding that certain prior convictions had been improperly used to sentence him as a habitual offender.  Ex. G at 6-9.  On March 10, 2011, on remand, the trial court resentenced Holliday to 20 years' imprisonment for the second-degree-sodomy conviction and 10 years' imprisonment for the first-degree-sexual-abuse conviction, the sentences to run concurrently.  Ex. H.  Holliday appealed.  The Alabama Court of Criminal Appeals affirmed the judgment on July 15, 2011, and issued a certificate of judgment on August 3, 2011.  Exs. H and I.  On September 26, 2012, the Alabama Supreme Court struck Holliday's petition for writ of certiorari because he failed to apply for rehearing with the Alabama Court of Criminal Appeals.  Ex. J.

On November 14, 2011, Holliday filed a fourth Rule 32 petition, which the trial court denied on December 6, 2011.  Ex. K.  Holiday file no notice of appeal until April 4, 2012.  On July 2, 2012, the Alabama Court of Criminal Appeals dismissed Holliday's appeal as untimely and issued a certificate of judgment.  Ex. L.

Application of Federal Limitation Period

As noted above, Holliday was originally sentenced on November 13, 2007, and he took no direct appeal.  Alabama provides that a judgment becomes final either at the conclusion of direct review or 42 days after the sentence is entered, which is the time in which an appeal may be taken.  Ala. R. App. P. 4(b)(1); *see Ex parte Waldrop*, 859 So. 2d

1181, 1184 n.1 (Ala. 2002). Therefore, under 28 U.S.C. § 2244(d)(1)(A), Holliday's conviction originally became final on December 26, 2007, the first business day after expiration of the 42-day period for him to file an appeal.[4] As such, he had until December 26, 2008, to file a federal habeas petition considered timely under § 2244(d) absent any periods of tolling.

Although over one year of untolled time ran from the date on which Holliday's conviction originally became final before he filed his third Rule 32 petition (on June 4, 2010), the federal limitation period was "restarted" in his case when relief was granted on his third Rule 32 petition and he was resentenced on March 10, 2011. *See Ferreira v. Sec'y for the Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (emphasis in original) ("AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."). On August 3, 2011, the Alabama Court of Criminal Appeals affirmed the judgment encompassing Holliday's resentencing and issued a certificate of judgment, ending direct review of that judgment. Exs. H and I. On August 3, 2011, then, the one-year federal limitation period started anew for Holliday. 28 U.S.C. § 2244(d)(1)(A); *see Ferreira*, 494 F.3d 1292-93.

Holliday's filing of his fourth Rule 32 petition on November 14, 2011 (the first after

---

[4] A conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting 28 U.S.C. § 2244(d)(1)(A)).

his resentencing), tolled the running of the limitation period under § 2244(d)(2). *See Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). At that time, the limitation period for filing a timely § 2254 petition had run for 103 days (i.e., from August 3, 2011, to November 14, 2011). Because Holliday did not timely appeal from the subsequent denial of his fourth Rule 32 petition, the federal limitation period began to run again on January 17, 2012, 42 days after the trial court's December 6, 2011, denial of that Rule 32 petition. *See, e.g.*, *Maze v. Giles*, 2013 WL 4045360, at *3-4 (N.D. Ala. Aug. 9, 2013) (where Rule 32 petitioner filed untimely appeal from trial court's denial of Rule 32 petition, his petition was no longer "pending" for purposes of § 2244(d)(2) tolling once the 42-day period to appeal the trial court's judgment expired). On January 17, 2012, Holliday had 262 (i.e., 365 - 103) days remaining within which to file a timely § 2254 petition. He thus had until October 5, 2012, to file a timely federal habeas petition, absent further tolling.

The limitation period ran unabated for the next 262 days before expiring on October 5, 2012. Holliday did not file his § 2254 petition until February 25, 2013 – 144 after the federal limitation period had expired for purposes of § 2241(d)(1)(A). The statutory tolling provisions of § 2244(d)(1) (B) - (D) do not provide safe harbor for Holliday. There is no evidence that any unconstitutional or illegal State action impeded him from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits

6

no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

Holliday asserts his § 2254 petition is timely because, he claims, he was resentenced on March 5, 2012, and his petition was filed within one year after that resentencing. Doc. No. 10 at 1. However, he presents no evidence that his resentencing took place on March 5, 2012, and exhibits submitted by the respondents affirmatively demonstrate that his resentencing took place – as indicated above – on March 10, 2011, and that no other resentencing of Holliday took place. Thus, the court's calculations set forth above correctly apply the provisions of § 2244(d) to Holliday's § 2254 petition.

The federal limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Holliday fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. Consequently, he is not entitled to equitable tolling.

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired on October 5, 2012. Because Holliday did not file his § 2254

petition until February 25, 2013, his petition is time-barred and this court may not address the merits.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before December 23, 2014.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of December, 2014.

                                        /s/ Wallace Capel, Jr.
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE