IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARC WAYNE HOLLIDAY, #257141, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:13-cv-129-WHA |
| | ) | |
| STATE OF ALABAMA, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #19), entered on December 9, 2014, and the Petitioner's objection thereto (Doc. #20), filed on December 17, 2014.

The Magistrate Judge's Recommendation found that the federal limitation period for Holliday to file a § 2254 petition expired on October 5, 2012. Because Holliday did not file a § 2254 petition until February 25, 2013, the Magistrate Judge found the petition to be 144 days late and, therefore, untimely.

Holliday asserts his § 2254 petition is timely because, he claims, he was resentenced on March 5, 2012, and his petition was filed within one year after that alleged resentencing. As noted in the Recommendation, however, he presents no evidence that any resentencing took place on March 5, 2012, and exhibits submitted by the Respondents affirmatively demonstrate that his one and only resentencing took place on March 10, 2011, and that no other resentencing took place.

With his Objections to the Recommendation, Holliday submits two exhibits, Exhibits A and B, which he says establish that, as he claims, he was resentenced on March 5, 2012. Those exhibits comprise the Alabama Court of Criminal Appeals Docketing Statement and the Reporter's Transcript Order related to Holliday's (untimely) appeal from the denial of his fourth Alabama Rule 32 petition. Although the Docketing Statement and Transcript Order indicate that the "Date of Judgment/Sentence/Order" being appealed from is "3/5/2012," it is clear from the record that Holliday's fourth Rule 32 petition was denied on December 6, 2011 – which is why Holliday's notice of appeal filed on April 4, 2012, was determined to be untimely. It appears that Holliday had filed some sort of post-judgment motion from the December 6, 2011, denial of his fourth Rule 32 petition and that the trial court may have initially set that motion down for a hearing on March 5, 2012. It also appears that Holliday subsequently withdrew that post-judgment motion and that a hearing was not even held on March 5, 2012. However, even assuming any such hearing was held, it is clear from the record that it was not a "resentencing" hearing and that Holliday was not resentenced on March 5, 2012. He is simply wrong about this matter.

Therefore, the court finds the objection to be without merit, and it is hereby ORDERED as follows:

1. Petitioner's objection is OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED with prejudice, and this case is DISMISSED because the petition is time-barred by the one-year limitation period in 28 U.S.C. §2244(d).

DONE this 7th day of January, 2015.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON
                                          SENIOR UNITED STATES DISTRICT JUDGE

Case 2:13-cv-00129-WHA-WC   Document 21   Filed 01/07/15   Page 3 of 3